UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JEROME CAMPBELL, ET AL** | **CIVIL DOCKET NO. 1:19-CV-00840** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **TEXAS ROADHOUSE, INC., ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## MEMORANDUM RULING

Pending before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 49] filed by Defendants Texas Roadhouse, Inc., Texas Roadhouse Holdings, LLC, and Texas Roadhouse Management Corporation (collectively, "Defendants" or "Texas Roadhouse"). For the reasons which follow, Defendants' Motion is GRANTED.

## PROCEDURAL HISTORY

On May 8, 2019, Plaintiffs, Jerome Campbell ("Campbell") and Takanya Campbell ("T. Campbell") filed the instant suit for damages in the 9th Judicial District Court, Rapides Parish, Louisiana, against Texas Roadhouse and ABC Insurance Company.[1] [Doc. 1-2]. Plaintiffs allege, generally, that Campbell slipped and fell on a wet floor in a Texas Roadhouse restaurant, thereby causing him to sustain severe and disabling injuries. [*Id.*]. Plaintiffs seek recovery against Texas Roadhouse for their resulting and related damages, including T. Campbell's claim for loss of consortium. [*Id.*]. On July 1, 2019, Texas Roadhouse removed this matter pursuant

---

[1] ABC Insurance Company was subsequently dismissed as a defendant on April 17, 2020. [Doc. 25].

to the Court's diversity jurisdiction. 28 U.S.C. § 1332. [Doc. 1]. Texas Roadhouse now seeks summary judgment dismissing Plaintiffs' claims. [Doc. 49].

## STATEMENT OF MATERIAL FACTS

On May 8, 2018, Campbell visited the Texas Roadhouse restaurant located at 1464 MacArthur Drive in Alexandria, Louisiana, for dinner with his wife, T. Campbell, and his two stepchildren. [Doc. 49-2 ¶ 1].[2] After arriving at Texas Roadhouse, Campbell and his family were seated by the hostess at a table located at the top of a small ramp. [*Id.* ¶ 2, 3]. Neither Campbell nor any of his family members experienced any difficulty walking up the ramp, nor did they notice any wet or slippery substance on the ramp while walking to their table. [*Id.* ¶ 4]. After being seated, Campbell left the table to wash up prior to being served his meal. [*Id.* ¶ 5].[3] As Campbell was walking to the restroom down the same ramp that he had traveled to get to his table, he slipped and fell to the floor. [*Id.* ¶ 6].

---

[2] Local Rule 56.1 requires the movant to file a statement of material facts setting forth the basis for the contention that "there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.* The material facts listed in this section are contained in Defendants' Statement of Material Facts and are uncontroverted by Plaintiffs. [*See* Doc. 49-2; Doc. 51-3]. Therefore, they are deemed admitted for purposes of this motion.

[3] The parties dispute the amount of time that elapsed between when Campbell's family was seated at their table and when Campbell got up to go to the restroom. Campbell testified that he got up to go to the restroom after "maybe about five minutes." [Doc. 51-1, p. 30]. T. Campbell testified that it was "probably about maybe 10, 15 minutes." [Doc. 51-2, p. 20].

## LAW AND ANALYSIS

I. **Summary Judgment Standard**

A court should grant a motion for summary judgment when the movant can show that "there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the

record as a whole "could not lead a rational trier of fact to find for the non-moving party ..." *Id.*

Alternatively, the Court may deny summary judgment and extend discovery if the party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (quoting Fed. R. Civ. P. 56(d)). "To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact." *Weaver v. Harris*, 486 Fed. Appx. 503, 505 (5th Cir. 2012). However, "[i]f the requesting party 'has not diligently pursued discovery … she is not entitled to relief' under Rule 56(d)." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)).

## II. <u>Summary Judgment is Not Premature</u>

The Court first considers the threshold issue of whether summary judgment is premature in this matter. Plaintiffs submit that summary judgment is premature because they have not had sufficient opportunity to depose several key witnesses, including the corporate representatives of Texas Roadhouse, the restaurant manager, and a "busser" identified in discovery. [Doc. 51]. The Court finds this argument unpersuasive. Plaintiffs filed this suit over two years ago, on May 8, 2019. Texas Roadhouse moved for summary judgment on April 28, 2021, less than one month

before the dispositive motion deadline set forth in this Court's Scheduling Order.[4] This timeline reflects a lack of diligence on the part of Plaintiffs in their conduct of discovery. *See Beattie*, 254 F.3d at 606 (finding that the requesting party did not diligently pursue discovery as to gain Rule 56(d) relief when she "had several months, from the time she sued, to depose the board members, who are named defendants").[5] Accordingly, a continuance under Rule 56(d) is not warranted and it is appropriate for the Court to determine whether Defendants are entitled to summary judgment as a matter of law.

### III. Louisiana's Merchant Liability Act

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Louisiana law, Texas Roadhouse's potential liability for Campbell's accident and injuries are governed by the Louisiana Merchant Liability Act, La. R.S. 9:2800.6 (the "Merchant Liability Act"). The Merchant Liability Act imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably

---

[4] Pursuant to the Court's Scheduling Order, the deadline for dispositive motions was May 25, 2021. [*See* Doc. 42].

[5] Because Plaintiffs were not diligent in conducting discovery, the Court need not address whether they have shown that their additional discovery would have created a genuine issue of fact. *Beattie*, 254 F.3d at 606 (finding that "[w]e need not address whether Beattie has shown why she needs additional discovery to create a genuine issue of material fact, because she was not diligent."); *St. Bernard Parish v. Lafarge N. Am., Inc.*, 550 Fed. Appx. 184, 188 (5th Cir. 2013) (holding that district court did not abuse its discretion and recognizing that "[b]ecause the Parish did not diligently pursue the discovery it needed to prosecute its claims, we need not address why the Parish needed additional discovery to create a genuine issue of fact.").

might give rise to damage." La. R.S. 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff bears the burden of proving his claim that the defendant(s) were negligent and that:

1) The condition presented an unreasonable risk of harm to the claimant and the risk of harm was reasonably foreseeable.

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

3) The merchant failed to exercise reasonable care.

La. R.S. 9:2800.6(B).

Importantly, each of these three elements of the Merchant Liability Act must be proven by the plaintiff. "The burden of proof does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 10-1109, p. 3 (La. App. 3d Cir. 3/16/11), 59 So. 3d 513, 515 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081); *Ferrant v. Lowe's Home Centers, Inc.*, 494 Fed. Appx. 458, 460 (5th Cir. 2012). Texas Roadhouse's Motion posits that Plaintiffs cannot meet the factual showing required by the Merchant Liability Act – specifically that Plaintiffs' claims must be dismissed because Plaintiffs have no evidence of the second element, that Texas Roadhouse "either created or had actual or constructive notice of the condition" which caused Campbell to fall. [Doc. 49].[6]

---

[6] Texas Roadhouse argues that "assuming *arguendo* for purposes of this motion that plaintiff did, in fact, slip and fall on a slippery substance on the floor of the Texas Roadhouse

## IV. Plaintiffs Have No Evidence that Defendants Created the Condition

Texas Roadhouse argues that there is no evidence that its employees created the hazardous condition that caused Campbell to fall. Although both plaintiffs testified in their depositions that they had no actual knowledge of how the liquid substance got on the ramp, Plaintiffs suggest that bussers standing in the area may have caused the hazardous condition on the ramp.[7] However, to the extent Plaintiffs allege that Texas Roadhouse created the hazardous condition, it is mere speculation unsupported by any evidence in the record. *See also Ross v. Schwegmann Giant Super*

---

restaurant on May 8, 2018, it is undisputed in this case that [Campbell] has no evidence to prove that Texas Roadhouse either created the condition that caused [him] to slip and fall or had actual … or constructive notice … of the condition which caused [him] to slip and fall." [Doc. 49 ¶ 4].

[7] In his deposition, Campbell testified as follows:
Q: And so do you know how the liquid substance got on the floor?
A: I do not. All I know was there was a bus guy standing at that area. Now, it was either from his pan of liquids or whatever he had disposed of inside of his bucket, that's the only thing that I can see, that I can image [sic] him standing there.
Q: But you have no actual knowledge of how the liquid substance got on the floor?
A: I do not.
[Doc. 51-1, p. 30-31].
    In her deposition, T. Campbell testified as follows:
Q. Between the time that y'all were seated at the table and the time that your husband fell, am I incorrect in saying that you didn't see anybody spill anything on that ramp?
A. I didn't see anybody per se spill anything, but I did observe the bus guys were kind of moving around up and down the ramp with their bus tubs. Sometimes they would come up and they were empty and sometimes they would come up and they were full. I mean, they had just cleaned the table or whatnot.
…
Q: Am I correct in saying that you don't know who created that condition, the condition being the water on the floor; is that right?
A: Correct.
[Doc. 51-2, p. 11-13].

*Markets, Inc.*, 98-1036, p. 5 (La. App. 1st Cir. 5/14/99), 734 So. 2d 910, 913 (affirming a district court's grant of summary judgment because there was "no evidence that would establish that the [hazardous condition] found its way onto the floor because of an act by a Schwegmann employee"); *Bearb v. Wal-Mart Louisiana*, 534 Fed. Appx. 264, 265 (5th Cir. 2013) (affirming the district court's grant of summary judgment where plaintiff "offer[s] only speculation ... [that] Wal-Mart created the condition because it resulted from either a leaking skylight or wet shopping carts...."). Plaintiffs fail to create an issue of material fact as to whether Texas Roadhouse created the hazardous condition.

### V. **Plaintiffs Cannot Show Actual Notice of the Condition**

Texas Roadhouse also argues that there is no evidence that it had actual notice of the existence of the hazardous condition that caused Campbell to fall. Indeed, Plaintiffs do not cite to any evidence in the record nor do they testify that Texas Roadhouse had actual notice of the existence of the condition.[8] Thus, there is no genuine dispute of material fact regarding whether Texas Roadhouse had actual notice of the existence of the hazardous condition on the floor.

---

[8] In his deposition, Campbell testified as follows:
Q. Okay. Did you ever speak to anybody at the Texas Roadhouse that indicated to you that they were aware there had been a liquid substance on the floor?
A. No.
[Doc. 51-1, p. 32].
In her deposition, T. Campbell testified as follows:
Q. And you don't know one way or another whether or not anybody had reported to Texas Roadhouse employees that there was any water or foreign substance on the ramp?
A. No.
[Doc. 51-2, p. 12].

## VI. **Plaintiffs Cannot Demonstrate Constructive Notice of the Condition**

Plaintiffs' primary argument in seeking to avoid summary judgment as to their claims is that Texas Roadhouse had "constructive notice" of the hazardous condition. [Doc. 51]. A plaintiff demonstrates constructive notice when "the claimant has proven that the condition existed *for such a period of time* that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1) (emphasis added). Importantly, "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element." *White*, 699 So.2d at 1084. "'Mere speculation or suggestion' is not sufficient to [show constructive notice]." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Allen v. Wal-Mart Stores, Inc.*, 37,352, p. 5 (La. App. 2d Cir. 6/25/03), 850 So. 2d 895, 898). "[C]ourts will not infer constructive notice ... where the plaintiff's allegations are 'no more likely than any other potential scenario.'" *Id*. (quoting *Allen*, 850 So.2d at 899).

In his deposition, Campbell described the size of the area covered by the liquid substance as "a nice bit." [Doc. 51-1, p. 29]. Campbell also testified that "there was a bus guy standing at that area" and opined that "[the liquid substance] was either from his pan of liquids or whatever he had disposed of inside of his bucket." [Doc. 51-1, p. 30-31]. Likewise, T. Campbell described the area of liquid substance as "pretty large" and noted that "the bus guys were kind of moving around up and down the ramp with their bus tubs." [Doc. 51-2, p. 11-13]. In sum, Plaintiffs offer evidence pertaining to the existence of the condition and the presence of Texas Roadhouse employees in the vicinity of the condition.

However, Plaintiffs fail to offer any evidence that the liquid substance existed for some time prior to Campbell's fall. *White*, 699 So.2d at 1084 ("A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute."); *see also Leger v. Wal-Mart La., LLC*, 343 Fed. Appx. 953, 954-55 (5th Cir. 2009); *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188, 1191 (La. 1999); *Luft v. Winn Dixie Montgomery, LLC*, 16-559, p. 6 (La. App. 5th Cir. 2/8/17), 228 So.3d 1269, 1273. Indeed: (i) Plaintiffs testified that they did not know how long the liquid substance was on the ramp before Campbell fell;[9] (ii) there is no video surveillance or witness testimony to establish how long the liquid substance was on the ramp; and (iii) Plaintiffs have not otherwise presented evidence demonstrating that the substance had been on the ramp for any significant period.

In fact, the available evidence indicates that the liquid had not been there for any substantial period. Plaintiffs both testified that they did not see any liquid on the floor when they walked up the ramp to be seated at their table. According to

---

[9] In his deposition, Campbell testified as follows:
Q. And you don't know how long that liquid substance was on the floor, do you?
A. I do not.
…
Q. Have you spoken to anyone that has indicated to you how long the substance that you slipped on was on the floor before you fell?
A. No.
[Doc. 51-1, p. 31-32, 52].
In her deposition, T. Campbell testified as follows:
Q. And whatever it is that your husband slipped and fell in, you have no idea how long that had been on the floor, do you?
A. No.
[Doc. 51-2, p. 12].

Campbell, it was only five minutes later that he walked down the ramp, where he slipped and fell.

Because Plaintiffs have presented no evidence that the wet floor condition had existed for some time – and, in fact, the available evidence points to the contrary – there is no genuine dispute of material fact as to whether Texas Roadhouse had constructive notice of the existence of the hazardous condition. Given that Plaintiffs have failed to meet their burden of proving the second element of the Merchant Liability Act, the Court need not analyze the first or third prongs of the statute in finding that summary judgment is appropriate.

## **CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment [Doc. 49] is **GRANTED** and that all claims against Defendants are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 24th day of June 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE